LESLIE ADAMS, BY HIS NEXT FRIEND, MRS. MARY ADAMS, v. BLUE BIRD TAXIS, INC., AND D. W. BLANKENSHIP.

(Filed 17 March, 1937.)

**Automobiles § 18g—Evidence held insufficient to discharge plaintiff's burden of identifying defendant's car as the one causing the injury.**

Evidence that many automobiles were passing on the street at the time of the accident, and that the automobile owned by one defendant and operated by the other was on the street near the place of the accident after the accident occurred, without further evidence identifying the automobile as the one which struck the bicycle which plaintiff was riding, *is held* insufficient to resist defendants' motions to nonsuit, the burden being upon plaintiff to affirmatively establish the truth of his allegations.

APPEAL by defendants from *Phillips, J.,* at November Term, 1936, of BUNCOMBE. Reversed.

This is an action to recover damages for personal injuries suffered by the plaintiff, and caused, as alleged in the complaint, by the negligence of the defendants.

The action was begun and tried in the general county court of Buncombe County.

At the trial, issues arising upon the pleadings were submitted to the jury and answered as follows:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff by his own negligence contribute to his injuries as alleged in the answer? Answer: 'No.'

"3. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: '$1,450.'"

From judgment that plaintiff recover of the defendants the sum of $1,450 and the costs of the action, the defendants appealed to the judge of the Superior Court of Buncombe County, assigning numerous errors in the trial.

At the hearing of defendants' appeal, their assignments of error were not sustained. The judgment of the general county court was affirmed by the judge of the Superior Court. The defendants appealed to the Supreme Court, assigning as errors the rulings of the judge of the Superior Court and his judgment affirming the judgment of the general county court.

*Carl W. Greene and Zeb V. Nettles for plaintiff.*
*Weaver & Miller and J. C. Cheesborough for defendants.*

CONNOR, J. A careful reading of the record in this appeal fails to disclose any evidence at the trial in the general county court of Buncombe County, tending to show the injuries which the plaintiff suffered when he was struck by an automobile, while riding on a bicycle on a public street in the city of Asheville, were caused by the defendants or by either of them. Neither the plaintiff, who testified as a witness in his own behalf, nor James Lowe, who testified that he was riding on the bicycle with the plaintiff when he was struck by an automobile and thrown from the bicycle to the street, identified the automobile owned by the defendant Blue Bird Taxis, Inc., and driven by the defendant D. W. Blankenship, as the automobile which struck the plaintiff. The accident occurred about 10 o'clock at night, and at that time many automobiles were passing on the street where the accident occurred. The presence of defendants' automobile on the street near the place of the accident, after the accident occurred, did not alone support 'an inference that said automobile had struck the plaintiff and caused him to be thrown to the street. All the evidence tended to show that defendants' automobile arrived on the scene after the accident.

The plaintiff failed to sustain the burden which the law imposed upon him to establish by evidence at the trial—the truth of his allegations.

There was error in the ruling of the judge on defendants' assignment of error based upon their exception to the refusal of the trial court to dismiss the action by judgment of nonsuit. This assignment of error should have been sustained. The judgment is reversed and the action remanded to the Superior Court of Buncombe County, that judgment may be entered in said court in accordance with this opinion.

Reversed.